IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM MAHER SMADI, 39482-177, Plaintiff, vs. WILLIAM TRUE, T.C. BROWN, GARY BURGESS, KATHY HILL, S. BYRAM, and J. MICHAELIS, Defendants. | Case No. 18-cv-2149-JPG |

# **MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Hosam Maher Smadi, an inmate with the Federal Bureau of Prisons ("BOP") who is currently incarcerated in the United States Penitentiary Marion ("USP Marion"), brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority that allegedly occurred at USP Marion. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). In the Complaint, Plaintiff alleges that various officials interfered with his outgoing mail. He asserts claims against the defendants that they denied him due process and retaliated against him by holding him in USP Marion's Communication Management Unit ("CMU") without a hearing. Finally, Plaintiff alleges that officials have refused to provide him with Halal meals or a separate microwave in order to cook his meals according to his religious requirements, in violation of the First Amendment and the Religious Freedom Restoration Act

1

("RFRA"), 42 U.S.C. § 2000bb-1.  Plaintiff seeks declaratory judgment, monetary damages, and injunctive relief.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A.  Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a).  Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).

## **The Complaint**

In his Complaint (Doc. 1), Plaintiff makes the following allegations:  Plaintiff is an inmate in USP Marion's Communication Management Unit ("CMU").  Plaintiff alleges that Defendants regularly interfered with his mail from 2016 to the present.

In December 2016, Gary Burgess refused to allow Plaintiff to use the prison legal mail system to send a letter to the Jordanian ambassador to discuss FBI misconduct in his criminal case as well as prison misconduct.  (Doc. 1, p. 21).  His letter to the embassy was then scanned, copied and retained by Burgess, Kathy Hill, and T.C. Brown.  (*Id.*).

In December 2017, several of Plaintiff's posts to his prison blog were blocked electronically and through the mail system.  (Doc. 1, p. 22).  Brown rejected Plaintiff's email communication through the prison's TRULINCS email system to the blog.  (*Id.*).  Several blog posts that Plaintiff sent through the institutional mail to Prison Inmates Online, the company that maintains the blog, were blocked by Hill, Burgess, and True.  (*Id.*).  Plaintiff also attempted to send a blog post and a request for representation in a potential civil rights case against Brown to attorney Scott Fenstermaker in New York, NY but Hill and Burgess refused to allow Plaintiff to

mail the letter. (*Id*.). In March 2018, Plaintiff attempted to submit collages through the prison mail to Prison Inmates Online for publication on his blog, but Hill and Burgess refused to mail the collages. (*Id*. at p. 23). Plaintiff also tried to submit to Prison Inmates Online a copy of the book Muslim-Christian Dialogue and dozens of newspaper articles, but True declined to mail the documents because the material could be used to radicalize others and promote violence. (*Id*. at p. 24). Hill later informed Plaintiff that the documents had been seized as contraband. (*Id*.).

In February 2018, Plaintiff was contacted by Marie-Pier Frigon for a potential interview about Plaintiff's case. (Doc. 1, p. 23). Plaintiff tried to send a letter to Frigon, but True rejected the letter, indicating that Frigon did not have "research privileges". Hill later told Plaintiff that he was prohibited from contacting Frigon because she inquired about his case. (*Id*.).

After Plaintiff's numerous letters were rejected, Plaintiff was informed on April 2, 2018 by S. Byram that he would remain in the CMU and that True was part of the decision-making process. (Doc. 1, p. 24). Plaintiff was told that he would remain in the CMU because of his current behavior and other verified information. (*Id*.). Plaintiff alleges that he did not receive any hearing or process in regards to this determination. (*Id*.). He also alleges that Byram and True kept him in the CMU in retaliation for attempting to exercise his First Amendment right to send communications, including legal communications. (*Id.* at p. 27).

Plaintiff is also a Sunni Muslim and adheres to the Salafi interpretation of Islam which requires Plaintiff to eat Halal food. (Doc. 1, p. 20). Kosher food does not meet the Halal requirement and the food must be prepared in a container that has not been used by other forbidden foods. (*Id*. at p. 20). For instance, Plaintiff's food cannot be heated in a microwave which has been used to cook pork or other forbidden foods. (*Id*.). Plaintiff informed J. Michaelis and True of his dietary requirements, but they have only provided him with kosher meals, which do not meet

Halal requirements. (*Id*. at p. 24). He is also required to use the same microwave as all the other inmates, which does not meet his religious requirements. (*Id*. at p. 27).

## Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following seven counts:

> **Count 1:** **Defendants Burgess, Hill, and True violated Plaintiff's rights under the First Amendment when they refused to let him send legal mail to the Jordanian ambassador and attorney Scott Fenstermaker.**
>
> **Count 2:** **Defendant Brown violated Plaintiff's rights under the First Amendment when he refused to let him use the TRULINC email system to send blog posts to Prison Inmates Online.**
>
> **Count 3:** **Defendants True, Hill, and Burgess violated Plaintiff's rights under the First Amendment when they refused to let him send blog posts, collages, and news articles to Prison Inmates Online.**
>
> **Count 4:** **Defendants Hill and True violated Plaintiff's rights under the First Amendment when they refused to let him communicate by mail with Marie-Pier Frigon.**
>
> **Count 5:** **Defendants Byram and True violated Plaintiff's Fifth Amendment due process rights when they kept him in USP Marion's CMU without a hearing or other process.**
>
> **Count 6:** **Defendants Byram and True retaliated against Plaintiff in violation of the First Amendment by keeping Plaintiff in the CMU in retaliation for sending regular and legal mail.**
>
> **Count 7:** **Defendants Michaelis and True denied Plaintiff Halal meals and a separate microwave in violation of his First Amendment rights and the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1.**

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the**

**Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Severance

Counts 1-6, related to Plaintiff's mail and placement in the CMU, are unrelated to Count 7, Plaintiff's claim regarding his religious diet. Accordingly, consistent with *George* and Federal Rules of Civil Procedure 18 and 20, the Court will **SEVER** Count 7 into a separate action against Defendants J. Michaelis and William True and will open a new case with a newly-assigned case number. Counts 1-6 will remain in this action and will be subject to preliminary review below.

### Merits Review Under § 1915(A) –Counts 1-6

### Counts 1, 3, and 4

As to Plaintiff's First Amendment mail claims, Plaintiff cannot bring these type of claims against federal officials pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971) in light of the Supreme Court's recent decision in *Ziglar v. Abbasi*, --U.S.--, 137 S.Ct. 1843 (2017). *Ziglar* suggests that the only valid contexts for constitutional claims against federal officers are those previously recognized by the Court under the Fourth, Fifth, and Eighth Amendments. *See Bivens*, 403 U.S. at 397, 91 S.Ct. 1999 (Fourth Amendment unreasonable search and seizure); *Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979) (Fifth Amendment gender discrimination); *Carlson v. Green*, 46 U.S. 14, 100 S.Ct. 1468, 64 L.Ed.2d 15 (1980) (Eighth Amendment deliberate indifference to medical needs). The Supreme Court held that federal courts should not expand *Bivens* actions to reach contexts that the Supreme Court has not officially recognized unless "special factors" counsel otherwise. *Ziglar*, 137 S.Ct. at 1859-60. Plaintiff's

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

First Amendment mail claims do not fit under any of the three scenarios recognized by *Bivens*. Further, the Supreme Court has stated the "[w]e have never held that *Bivens* extends to First Amendment claims." *Reichle v. Howards*, 566 U.S. 658, 663 n. 4 (2012). This Court has also recently declined to extend *Bivens* to First Amendment claims. *Borowski v. Baird*, Case No. 16-cv-848-JPG, 2018 WL 6583976 (S.D. Ill. Dec. 14, 2018); *White v. Inch*, Case No. 17-cv-1059-JPG, 2018 WL 6584899 (S.D. Ill. Dec. 14, 2018). In fact, "[n]ationwide, district courts seem to be in agreement that, post-*Abassi*, prisoners have no right to bring a *Bivens* action for violation of the First Amendment." *Harris v. Dunbar*, Case No. 17-cv-536-WTL, 2018 WL 3574736, at * 3 (S.D. Ind. July 25, 2018).

Nor are there any "special factors" in this case that would urge expanding *Bivens* here. These include questions like "whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damage action to proceed," and whether "there is an alternative remedial structure present in a certain case." *Ziglar*, 137 S.Ct. at 1858. As with other cases where this Court has declined to extend *Bivens*, Plaintiff has alternative avenues to obtain relief, he can go through the Bureau of Prison's administrative remedies program, as demonstrated by the administrative remedies attached to his Complaint. *See Borowski*, 2018 Wl 6583976, at *2; *White*, 2018 WL 6584899, at * 2. (Doc. 1, pp. 6-13). "Post-*Abassi*, numerous courts, including the Ninth Circuit Court of Appeals, have declined to extend *Bivens* actions to a prisoner's First Amendment and Fifth Amendment (due process) claims because the plaintiff had available alternative remedies." *Harris*, 2018 WL 3574736, at *3 (citing *Vega v. United States*, 881 F.3d 1146, 1155 (9th Cir. 2018)). Consistent with the Court's previous rulings, the Court declines to extend *Bivens* to Plaintiff's interference with mail claims. Thus, Counts 1, 3, and 4 are **DISMISSED with prejudice**.

## Count 2

Similarly, Plaintiff's claim for interference with his access to the TRULINCS email system also fails. Plaintiff's claim is brought as a First Amendment claim which is not actionable under *Bivens*. Further, Plaintiff has no constitutional right to access TRULINCS to send or receive emails. *See Monk v. Dawn*, Case No. 18-cv-1318-JPG, 2018 WL 3587713, at *2 (S.D. Ill. July 26, 2018) (noting that "[n]ot every denial of a 'privilege' (such as access to TRULINCS) amounts to a constitutional violation"). Courts considering such claims have summarily rejected them. *See Sebolt v. Samuels*, - F.3d -, 2018 WL 4232075 (7th Cir. Sept. 6, 2018); *Stratton v. Speanek*, Case No. 14-cv-120-HRW, 2014 WL 6705394, at *3 (E.D. Ky. Nov. 26, 2014)(the TRULINCS system is an institutional privilege and not a constitutionally protected right); *Edington v. Warden of FCI Elkton*, Case No. 14cv2397, 2015 WL 1843240, at *4 (N.D. Ohio, April 22, 2015) (dismissing *Bivens* claim at screening based on denial of access to TRULINCS); *Gatch v. Walton*, Case No. 13-cv-1168-MJR, 2013 WL 6405831, at *3 n. 4 (S.D. Ill., 2013). Thus, Count 2 is also **DISMISSED with prejudice**.

## Count 5

As to Plaintiff's Fifth Amendment due process claim, it is also not cognizable under *Bivens*. The Seventh Circuit has recently declined to recognize a new theory of relief in a *Bivens* action premised on due process violations as the prisoner had alternative remedies through the BOP's administrative remedies program. *See Goree v. Serio*, 735 Fed.Appx. 894, 895 (7th Cir. 2018). Similarly, other Courts have declined to extend *Bivens* to due process claims like the one raised by Plaintiff. *See Vega*, 881 F.3d at 1154-55 (declining to recognize *Bivens* action for due process violation); *Harris*, 2018 WL 3574736, at * 3-4 (declining to recognize *Bivens* action for due process violation in continued CMU placement). As to the special factors, Plaintiff has access to

alternative remedies through the BOP's administrative remedies program. As such, the Court declines to extend *Bivens* to Plaintiff's due process claim and, accordingly, **DISMISSES with prejudice** Count 5.

### Count 6

Plaintiff's First Amendment retaliation claim also fails in light of the decision in *Ziglar*. While the Seventh Circuit has previously recognized the viability of a First Amendment retaliation claim brought by a federal prisoner, *see Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996), that was before the Supreme Court's *Ziglar* decision. In reviewing a First Amendment retaliation claim in light of *Ziglar*, the claim is different than any claim previously found to state a claim under *Bivens* and, thus, is a new claim. In fact, several courts who have addressed the issue have found that a First Amendment retaliation claim, like the one Plaintiff alleges in his Complaint, is a new *Bivens* context. *See Muhammad v. Gehrke*, Case No. 15-cv-334-WTL, 2018 WL 1334936, at *2-3 (S.D. Ind. March 15, 2018); *Badley v. Granger*, Case No. 17-cv-41-JMS, 2018 WL 3022653, at * 2-3 (S.D. Ind. June 18, 2018). Like with Plaintiff's other First Amendment claims, no special factors warrant expanding *Bivens* in this case. Count 6 is, thus, **DISMISSED with prejudice**.

### Disposition

**IT IS HEREBY ORDERED** that **COUNT 7** is **SEVERED** into a new case against **J. MICHAELIS** and **WILLIAM TRUE**. In the new case, the Clerk is **DIRECTED** to file the following documents:

- This Memorandum and Order;
- The Complaint (Doc. 1); and
- Plaintiff's motion to proceed in forma pauperis (Doc. 3).

**IT IS FURTHER ORDERED** that the **only claims remaining in this action, are COUNS 1-6**.

**IT IS HEREBY ORDERED** that **COUNTS 1-6** are **DISMISSED with prejudice** as they are not cognizable under *Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).*

Plaintiff is **ADVISED** that this dismissal counts as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this Order, he may file a notice of appeal with this Court in accordance with the timeframe set forth in Fed. R. App. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* Fed. R. App. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien*, 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk is **DIRECTED** to **CLOSE THE CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: 2/13/2019**

s/J. Phil Gilbert
**United States District Judge**
