NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals
### For the Seventh Circuit
### Chicago, Illinois 60604

CERTIFIED COPY

Submitted November 1, 2019*
Decided November 8, 2019

**Before**

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

| | |
|---|---|
| No. 19-1370 | |
| HOSAM MAHER SMADI,<br>*Plaintiff-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 3:18-cv-02149-JPG |
| WILLIAM TRUE, *et al.*,<br>*Defendants-Appellees*. | J. Phil Gilbert,<br>*Judge*. |

# O R D E R

Hosam Smadi, a federal inmate, alleges that prison officials violated the First Amendment by blocking his communications with an attorney, an ambassador, and others. He seeks to enjoin their actions and pursue damages from them under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), the seminal case that implied a limited damages remedy under the Fourth Amendment against

---

* The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

Case 3:18-cv-02149-JPG   Document 28-1   Filed 01/02/20   Page 2 of 3   Page ID #207
Case: 19-1370   Document: 00713543325   Filed: 12/31/2019   Pages: 3

No. 19-1370 Page 2

federal agents. The district court ruled that, after *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017), *Bivens* does not apply to First Amendment claims for damages. It then rejected Smadi's request for injunctive relief and dismissed the complaint with prejudice at screening. *See* 28 U.S.C. § 1915A(b)(1). In resolving Smadi's First Amendment claims, in particular his request for injunctive relief, we would benefit from the assistance of counsel in the district court. Therefore, we vacate and remand for further proceedings on those claims; in all other respects, we affirm.

This case covers Smadi's attempted communications between 2016 and 2018, while imprisoned in a restricted unit that monitors all outgoing communications. At this stage, we take as true his factual allegations. *Perez v. Fenoglio*, 792 F.3d 768, 774 (7th Cir. 2015). Smadi attempted to mail a letter to a criminal-defense attorney seeking legal representation. Smadi wrote the letter as part of his effort to publicize his belief that he is in prison because he was forced to plead guilty to an attempted act of terrorism. Prison officials blocked this letter from leaving the prison. They also prevented Smadi, a Jordanian citizen, from sending a similar letter to the Jordanian ambassador in Washington D.C., from communicating with a journalist about his case, and from sending collages, blog posts, newspaper articles, and other materials through the inmates' computer system and by postal mail.

Smadi challenged the constitutionality of blocking the communications and his placement in the unit. After unsuccessfully using the prison's administrative appeals process, he sued individual officers, raising three claims. First, he accuses them of violating the First Amendment by preventing him from contacting the attorney, ambassador, and journalist, and blocking other digital or postal correspondence. He seeks both damages and injunctive relief. Second, Smadi alleges that prison officials kept him in this restricted unit in retaliation for trying to contact these recipients, and they did so without a hearing, thereby further violating the First Amendment and his right to due process. Third, Smadi accuses prison officials of violating the First Amendment and federal law by denying him religious meals. The district court severed the religious-meal claim and dismissed the remaining counts sua sponte.

On appeal, Smadi argues that the district court erred in severing the religious-meal claim and dismissing his remaining claims. But the district court properly dismissed Smadi's due-process challenge to his placement in the restricted unit because that claim is indistinguishable from the due-process claim rejected in *Abbasi*. *See* 137 S. Ct. at 1858–64. And the religious-meal claim is unrelated to the rest of the suit,

Case 3:18-cv-02149-JPG   Document 28-1   Filed 01/02/20   Page 3 of 3   Page ID #208
       Case: 19-1370      Document: 00713543325           Filed: 12/31/2019      Pages: 3

No. 19-1370                                                                                Page  3

so the district court did not abuse its discretion in severing it. *See UWM Student Association v. Lovell*, 888 F.3d 854, 864 (7th Cir. 2018).

As for Smadi's First Amendment claims for injunctive relief and damages against federal officers for restricting his communications, we cannot fully evaluate them on the current record. In deciding what, if any relief, a plaintiff may obtain from federal officers for alleged constitutional violations post-*Abbasi*, courts of appeals have foreclosed a *Bivens*-style damages remedy, but often after receiving counseled briefing on the matter. *See, e.g.*, *Effex Capital, LLC v. National Futures Association*, 933 F.3d 882, 885 (7th Cir. 2019); *Doe v. Meron*, 929 F.3d 153, 167–70 (4th Cir. 2019); *Cantú v. Moody*, 933 F.3d 414, 421–24 (5th Cir. 2019); *Farah v. Weyker*, 926 F.3d 492, 498–500 (8th Cir. 2019); *Vega v. United States*, 881 F.3d 1146 (9th Cir. 2018).

We think that the best approach is for the district court to recruit counsel for Smadi and receive adversarial briefs on the First Amendment claims. Counsel can consider which claims for damages, if any, counsel believes Smadi may still pursue after *Abbasi*, and then focus on whether, and under what authority, an alternative remedy such as injunctive relief may be available.

Accordingly, we VACATE the dismissal of the First Amendment claims and REMAND the case for further proceedings with recruited counsel; in all other respects, we AFFIRM. In light of this decision, we remove the strike that Smadi incurred in the district court.