IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| HOSAM MAHER SMADI, #39482-177, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 18-cv-02149-JPG |
| | ) |
| WILLIAM TRUE, | ) |
| T.C. BROWN, | ) |
| GARY BURGESS, | ) |
| KATHY HILL, | ) |
| S. BYRAM, | ) |
| J. MICHAELIS, | ) |
| ELIZABETH FAITH McQUAGE, | ) |
| and HOWARD L. HUNTINGTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

This matter is before the Court for consideration of Plaintiff Hosam Smadi's Motion for Appellate Costs (Doc. 27). Plaintiff filed the motion in connection with his appeal of this Court's Order Dismissing Case (Doc. 12) and Judgment (Doc. 13). *Smadi v. True*, App. No. 19-01370 (7th Cir.). On November 8, 2019, the Seventh Circuit Court of Appeals affirmed in part and reversed in part. (Doc. 28-1). The Seventh Circuit remanded the matter for further adversarial briefing on Plaintiff's First Amendment claims (Counts 1, 2, 3, 4, and 6) in light of *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017). All other aspects of the Order Dismissing Case and Judgment were affirmed, including the dismissal of Count 5 and severance of unrelated claims into a separate suit. In his motion, Plaintiff now asserts that he prevailed on appeal and is entitled to $510.50 in appellate costs, including the $505.00 filing and docketing fees and $5.50 photocopying costs. (Doc. 27). For the reasons set forth herein, the Motion is **DENIED**.

1

Federal Rule of Appellate Procedure 39 permits the costs of an appeal to be taxed against an appellee, if the district court's judgment is reversed on appeal. *See* FED. R. APP. P. 39(a)(3). However, costs are taxed only "as the court orders," if judgment is affirmed in part, reversed in part, modified, or vacated. FED. R. CIV. P. 39(a)(4). The following costs on appeal are taxable in the district court for the benefit of the party entitled to them: (1) the preparation and transmission of the record; (2) the reporter's transcript if needed to determine the appeal; (3) premiums paid for a bond or other security to preserve rights pending appeal; and (4) the fee for filing the notice of appeal. FED. R. CIV. P. 39(e). The filing and docketing fees are explicitly allowed in Rule 39(e). To recover these costs, however, Plaintiff must be the prevailing party. *See, e.g.,* FED. R. CIV. P. 54(d) (authorizing district court to award costs to a prevailing party, unless the Rules, a federal statute, or a Court Order provides otherwise).

Plaintiff did not prevail against another party on appeal. The Order Dismissing Case and Judgment were affirmed in part and reversed in part. The award of costs is "as the court orders." FED. R. CIV. P. 39(a)(4). The Court exercises its discretion and denies costs here.

The appeal involved no appellee per se. The Order Dismissing Case and Judgment were entered by the Court at screening—before defendants were served with the underlying suit. No defendant-appellees participated in the appeal. And, insofar as this Court could be viewed as the appellee or a source of reimbursement, costs may only be assessed against the United States or its agencies and officers if authorized by law. FED. R. CIV. P. 39(b). The Equal Access to Justice Act, 28 U.S.C. § 2412, which authorizes the taxation of costs against the United States does not apply here because the United States was not a party to the appeal and because there was no appellee. *See also Thomas v. Washington*, No. 01-cv-526-CJP, 2009 WL 3816863 (Nov. 13, 2009)

(denying costs to appellant where case involving no appellee was reversed on appeal). Given these considerations, the Court denies the motion.

However, relief is not foreclosed to Plaintiff. This case remains pending. If Plaintiff ultimately prevails, he may renew his request to shift his filing, docketing, and copying fees to the adversary as part of costs. *Thomas v. Zatecky*, 712 F.3d 1004, 1005 (7th Cir. 2013). To do so, Plaintiff should file a Motion/Bill of Costs consistent with Federal Rule of Civil Procedure 54 and/or Federal Rule of Appellate Procedure 39.

**IT IS ORDERED** that, for the reasons set forth herein, Plaintiff's Motion for Appellate Costs (Doc. 27) is **DENIED**.

**IT IS SO ORDERED.**
**DATED: September 8, 2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**